Jeffrey R. Simmons (011096)
Jeff.Simmons@lewisbrisbois.com
Cassandra L. Kalaf (029972)
Cassandra.Kalaf@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
*Attorneys for Plaintiff GlobalTranz*
*Enterprises, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| GLOBALTRANZ ENTERPRISES, INC., | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| GRAEBEL COMPANIES, INC., | |
| Defendant. | |

GlobalTranz Enterprises, Inc. ("GlobalTranz") alleges as follows:

### INTRODUCTION

1.      In this action, GlobalTranz seeks damages against Defendant arising out of the arrangement of shipments of cargo. Defendant is liable because it contracted with GlobalTranz to arrange such shipments, Defendant contracted with GlobalTranz for a line of credit, and thereafter it breached the contract by not paying for GlobalTranz's services in the amount of $151,666.52.

2.      Defendant is also liable for the unpaid transportation charges because the damages arise out of shipments where Defendant was the shipper, consignee or both.

### PARTIES, JURISDICTION AND VENUE

3.      GlobalTranz is organized and existing under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona. GlobalTranz is a freight broker and freight forwarder by the authority of the Federal Motor Carrier Safety Administration.

4835-3389-3147.1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

4.     Graebel Companies, Inc. is organized and existing under the laws of Colorado, with its principal place of business in Aurora, Colorado.

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, inasmuch as there is complete diversity of citizenship between GlobalTranz and Defendant, and because the amount in in controversy exceeds the $75,000 minimum threshold.

6.     Venue is proper because pursuant to GlobalTranz's Conditions of Contract (the "Freight-Broker Agreement"), upon the arrangement of the shipment of the cargo, and the terms of the relevant Bills of Lading, Defendant consented and agreed to the exclusive jurisdiction of the federal or state courts of Arizona.

## GENERAL ALLEGATIONS

7.     GlobalTranz arranged approximately 170 shipments for Defendant pursuant to the Freight-Broker Agreement between Defendant and GlobalTranz.

8.     For a majority of those shipments, Defendant was the designated consignee and accepted all of the shipments, and often, Defendant was the shipper as well.

9.     The cargo was shipped in compliance with the Freight-Broker Agreement and as Defendant requested.

10.    Despite GlobalTranz's performance of its obligations under the Freight-Broker Agreement, Defendant has failed to pay the freight charges incurred.

## FIRST CLAIM FOR RELIEF

### (Unjust Enrichment)

11.    GlobalTranz adopts the allegations of all proceeding paragraphs as if fully set forth herein verbatim.

12.    GlobalTranz provided transportation services for the benefit of Defendant and these services were accepted, used and enjoyed, and/or the benefit of these services were otherwise realized by Defendant.

13.    GlobalTranz has conferred benefits upon Defendant and the retention of benefits of such services by Defendant would, under the circumstances, make it inequitable

LEWIS BRISBOIS BISGAARD & SMITH LLP

1 | for Defendant to retain the same without paying the value thereof.

2 | 14. At the time GlobalTranz furnished the services for the benefit of Defendant,

3 | GlobalTranz reasonably expected to be paid therefor and Defendant voluntarily and

4 | knowingly accepted the benefit of services furnished by GlobalTranz with full knowledge

5 | and reason to know that GlobalTranz expected to be paid therefor.

6 | 15. The fair and reasonable value of the services provided to and unjustly

7 | retained by Defendant is at least $151,666.52. Despite demands, Defendant has refused

8 | and continues to unreasonably refuse to pay GlobalTranz the money owed for the services

9 | provided.

### SECOND CLAIM FOR RELIEF

### (Breach of the Freight-Broker Agreement)

12 | 16. GlobalTranz adopts the allegations of all preceding paragraphs as if fully set

13 | forth herein verbatim.

14 | 17. Defendant and GlobalTranz entered into the Freight-Broker Agreement

15 | where Defendant promised to pay GlobalTranz to arrange transportation for Defendant.

16 | 18. Defendant is also liable and obligated to the terms of the Freight-Broker

17 | Agreement under federal law because Defendant accepted a majority of the shipments as

18 | the consignee, and/or was the shipper of the goods.

19 | 19. GlobalTranz has complied with its obligations under the Freight-Broker

20 | Agreement.

21 | 20. Defendant has breached the Freight-Broker Agreement by failing to pay

22 | GlobalTranz for the unpaid freight charges.

23 | 21. As a result of its breach, Defendant is liable to GlobalTranz in the sum of

24 | $151,666.52, plus attorney fees as provided in the Freight-Broker Agreement.

### PRAYER FOR RELIEF

26 | WHEREFORE, GlobalTranz prays for the entry of judgment against Defendant, as

27 | follows:

28 | A. Award damages in the amount of $151,666.52;

4835-3389-3147.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

1    B.    Award interest at the highest rate allowed by law;

2    C.    Award costs and attorney's fees in this action; and

3    D.    Grant such other and further relief as the Court deems just and proper.

4    DATED this 6th day of June, 2014.

5                                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**

6

7

8                                    By  /s/ Cassandra L. Kalaf
                                            Jeffrey R. Simmons
                                            Cassandra L. Kalaf
9                                           2929 North Central Avenue, Ste. 1700
                                            Phoenix, Arizona 85012
10                                          *Attorneys for GlobalTranz Enterprises, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4835-3389-3147.1                          4